T.C. Summary Opinion 2011-90

UNITED STATES TAX COURT

KWAME GONKARNUE BLAH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19328-10S.          Filed July 13, 2011.

Kwame Gonkarnue Blah, pro se.

<u>Melissa J. Hedtke</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2009 Federal income tax of $6,893.

After a concession by respondent,[2] the issues for decision are:

(1)  Whether petitioner is entitled to a dependency exemption deduction for B.D.W.;

(2)  whether petitioner is entitled to the earned income credit for B.L.W. and B.D.W.; and

(3)  whether petitioner is entitled to the child tax credit and an additional child tax credit for B.L.W. and B.D.W.

## Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts, supplemental stipulation of facts, and accompanying exhibits.  Petitioner resided in Moorhead, Minnesota, when the petition was filed.

During 2009 petitioner lived with his girlfriend and her son B.L.W.

---

[2]  Respondent concedes that B.L.W. is a qualifying relative of petitioner and that petitioner is therefore entitled to a dependency exemption deduction for B.L.W.

It is the policy of the Court to refer to minors only by their initials.  See Rule 27(a)(3).

In 2009 petitioner's sister, Victoria, lived and worked in Minneapolis, Minnesota, approximately a 4-hour drive from Moorhead.[3]  Victoria's son, B.D.W., had some behavioral problems in school, so she asked petitioner to allow B.D.W. to live with him in Moorhead.  Victoria believed that Moorhead would be a better environment for her son because it was a small town. Thus, in June 2009 B.D.W. moved in with petitioner in Moorhead, and in September 2009 B.D.W. enrolled in school in Moorhead. Victoria also lived with petitioner for a short time in 2009 when she was unemployed and looking for work.

On his 2009 Federal income tax return, petitioner claimed two dependency exemption deductions, the earned income credit (EIC), and the child tax credit and additional child tax credit for B.D.W. and B.L.W.  Petitioner reported an adjusted gross income (AGI) of $14,458.

On her 2009 Federal income tax return, Victoria reported an AGI of $34,193.  Victoria did not claim the dependency exemption deduction for B.D.W.

In a notice of deficiency, respondent denied the dependency exemption deductions, the EIC, and the child tax credit and additional child tax credit.

---

[3] According to http://maps.google.com, Moorhead is 233 miles northwest of Minneapolis and depending upon the route is a 3-hour-49-minute to 4-hour-23-minute drive.

## Discussion

A. <u>Burden of Proof</u>

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proof to establish that he or she is entitled to any deduction or credit claimed. Rule 142(a); <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability. Petitioner did not allege that section 7491 applies, nor did he introduce the requisite evidence to invoke that section; therefore, the burden of proof remains on petitioner.

B. <u>Dependency Exemption Deduction</u>

In general, a taxpayer may claim a dependency exemption deduction "for each individual who is a dependent (as defined in section 152) of the taxpayer for the taxable year." Sec. 151(a), (c). Section 152(a) defines a dependent to include a "qualifying child" or a "qualifying relative." As relevant herein, an individual must meet the following tests in order to be the

qualifying child of a taxpayer: (1) Relationship test; (2) residency test; (3) age test; and (4) support test. Sec. 152(c)(1). Notwithstanding these requirements, section 152(c)(4)(C) provides that if the parents of an individual may claim the individual as a qualifying child, but no parent does so, such individual may be claimed as the qualifying child of another taxpayer but only if the AGI of such taxpayer is higher than the highest AGI of either parent of the individual. In order to be a qualifying relative an individual must not, inter alia, be a qualifying child of another taxpayer for the year in issue. Sec. 152(d)(1)(D).

Petitioner claims that he is entitled to the dependency exemption deduction for B.D.W. because he satisfied the requirements for a qualifying child under section 152(c)(1). We commend petitioner for helping his sister by taking in his nephew. However, regardless of whether B.D.W. satisfies the requirements of section 152(c)(1), because Victoria's AGI (i.e., $34,193) was higher than petitioner's AGI (i.e., $14,458) for 2009, petitioner is not entitled to claim B.D.W. as a qualifying child. Furthermore, because B.D.W. is the qualifying child of Victoria for 2009, B.D.W. is not a qualifying relative of petitioner. See sec. 152(d)(1)(D).

Accordingly, we hold that petitioner is not entitled to the dependency exemption deduction for B.D.W.

C.  <u>Earned Income Tax Credit</u>

In the case of an eligible individual, section 32(a)(1) allows an EIC.  An "eligible individual" includes an individual who has a qualifying child for the taxable year.  Sec. 32(c)(1)(A)(i).[4]  A "qualifying child" means a qualifying child as defined in section 152(c).  Sec. 32(c)(3).  As relevant herein, section 152(c) provides that a qualifying child means an individual "who bears a relationship to the taxpayer described in paragraph (2)".  Sec. 152(c)(1)(A).  An individual bears a relationship to a taxpayer for purposes of section 152(c)(1)(A) if the individual is "a child of the taxpayer or a descendant of such a child" or "a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative."  Sec. 152(c)(2).

As we just concluded, B.D.W. was not a qualifying child of petitioner for 2009 because B.D.W. was the qualifying child of petitioner's sister, Victoria.  See sec. 152(c)(4)(C).  In addition, B.L.W., petitioner's girlfriend's son, does not bear a specified relationship to petitioner and, thus, is not

---

[4] An eligible individual also includes an individual who does not have a qualifying child.  See sec. 32(c)(1)(A)(ii). However, an EIC is available to such an individual only if his or her adjusted gross income is less than $13,440.  See Rev. Proc. 2008-66, sec. 3.06(1), 2008-45 I.R.B. 1107, 1111.  Because petitioner's adjusted gross income exceeded that amount in 2009, petitioner is not entitled to an EIC for that year without a qualifying child.

petitioner's qualifying child.[5]  See sec. 152(c)(1)(A), (2).
Therefore, petitioner did not have a qualifying child as defined
in section 152(c) in 2009.

Accordingly, we hold that petitioner is not entitled to an
EIC for 2009.

D.  Child Tax Credit and Additional Child Tax Credit

Section 24(a) allows taxpayers a credit against tax imposed
for each qualifying child.  The term "qualifying child" is
defined by section 24(c)(1) to mean a qualifying child of the
taxpayer as defined in section 152(c) who has not attained the
age of 17.  Section 24(d) provides that a portion of the credit
may be refundable, which portion is commonly referred to as the
additional child tax credit.  As we have previously concluded,
petitioner did not have a qualifying child as defined in section
152(c) in 2009; accordingly, we hold that he is not entitled to a
child tax credit or an additional child tax credit for 2009.

Conclusion

We have considered all of the arguments made by petitioner,
and, to the extent that we have not specifically addressed those

---

[5]  Although respondent concedes that B.L.W. is a qualifying
relative of petitioner for 2009, B.L.W. must be a qualifying
child of petitioner for purposes of the EIC.

arguments, we conclude that the arguments do not support results contrary to those reached herein.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.